UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA HAMILTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSON'S COMPANIES, INC., a corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.:  24-CV-462-GPC-DTF<br><br>**ORDER GRANTING MOTION TO DISMISS COMPLAINT;<br>ORDER GRANTING REQUEST FOR JUDICIAL NOTICE;<br>ORDER DENYING JOINT MOTION TO CONTINUE HEARING**<br><br>**[ECF Nos. 3, 11]** |

Before the Court is Defendant Albertson's LLC's[1] ("Defendant") Motion to Dismiss Plaintiff Linda Hamilton's ("Plaintiff") Complaint, ECF No. 3-1, and Defendant's Request for Judicial Notice, ECF No. 3-6.  The Court finds the matter is appropriate for decision on the papers and hereby VACATES the hearing scheduled for June 7, 2024.  It therefore DISMISSES as moot the Joint Motion to Continue Hearing Date.  ECF No. 11.

---

[1] Defendant Albertson's LLC was erroneously sued as Albertson's Companies, Inc.

1    The Court GRANTS the request for judicial notice and GRANTS the motion to

2    dismiss with limited leave to amend.

3                                **BACKGROUND**

4    Plaintiff, a Black woman, started working at Albertson's in 1991, spending most of

5    her almost three decades at the company as a Food Service Manager.  ECF No. 1-2 at 5[2]

6    ¶¶ 16-17.  In October 2018 and then again in July 2019, Plaintiff applied for a promotion

7    to the Operation Specialist position.  *Id.* ¶¶ 19-20.  Both times Plaintiff did not receive the

8    promotion.  *Id.*  Instead, Defendant hired a white man in 2018 and a man of unspecified

9    race in 2019.  *Id.*  The Store Director later "told Plaintiff that she was denied the

10   promotion because she was 'black' and 'a woman[,]'" and that the woman who made

11   hiring decisions did not like her because she was a Black woman.  *Id.* ¶¶ 21-22.  When

12   Plaintiff expressed her desire for a promotion to the District Manager, he told her that she

13   would not be considered for the next level of management, and when she reported the

14   alleged discrimination to a manager by email in June 2021, he did not respond.  *Id.* ¶¶ 24-

15   27.  To Plaintiff's knowledge, Defendant did not conduct an investigation into her

16   treatment.  *Id.* ¶¶ 28-29.  Plaintiff states that "due to the discriminatory environment, she

17   had no choice but to resign" in June 2021.  *Id.* ¶ 27.

18                              **PROCEDURAL HISTORY**

19   Plaintiff filed an administrative Charge of Discrimination with the California

20   Department of Fair Employment and Housing ("DFEH"), now called the California Civil

21   Rights Department ("CCRD"), and the U.S. Equal Employment Opportunity Commission

22   ("EEOC") on March 9, 2022 alleging that she was not promoted because of her race and

23

24

25   _____

26

27   [2] Page numbers reflect CM/ECF pagination.

28                                      2

sex.  ECF No. 3-7.  The DFEH issued a right-to-sue notice around March 9, 2022,[3] which included the requirement that "a civil action must be brought within one year from the date of this notice."  ECF No. 3-8.  The EEOC issued a Determination and Notice of Rights on April 21, 2022, stating that "your lawsuit must be filed WITHIN 90 days of your receipt of this notice."  ECF No. 3-9.  Plaintiff did not file suit within 90 days or within a year of either date.

On December 22, 2023, Plaintiff, through counsel, filed a Complaint of Employment Discrimination with the CCRD alleging harassment and discrimination because of "ancestry, national origin . . . , color, sex/gender, [and] race," and retaliation.  ECF No. 1-2 at 16-17.  The CCRD issued a right-to-sue notice the same day on December 22, 2023, stating that "[t]he civil action must be filed within one year from the date of this letter."  ECF No. 1-2 at 15.  Plaintiff filed her complaint against Defendant in San Diego Superior Court on December 22, 2023, alleging causes of action under the California Fair Employment and Housing Act ("FEHA") and the common law.  ECF No. 1-2 at 19.  Defendant removed the action to federal court on March 8, 2024.  ECF No. 1.

Defendant filed the instant Motion to Dismiss the Complaint along with a Request for Judicial Notice on March 15, 2024.  ECF No. 3.  Plaintiff responded, ECF No. 9, and Defendant replied, ECF No. 10.

### REQUEST FOR JUDICIAL NOTICE

Defendant requests that the Court take Judicial Notice of the Charge of Discrimination Plaintiff filed with the DFEH and EEOC in March 2022 and the resulting right-to-sue notices sent by the DFEH and the EEOC in March and April 2022.  ECF No. 3-6.  Plaintiff does not object.  ECF No. 9 (absence).

---

[3] The letter lists March 9, 2022 as the "Filing Date" and does not list another date.  ECF No. 3-8.  It is not clear to the Court if the notice date is March 9, 2022.

1    The Court agrees with Defendant that the documents are proper subjects of judicial

2  notice.  They are "not subject to reasonable dispute" and "can be accurately and readily

3  determined from sources whose accuracy cannot be reasonably questioned."  Fed. R.

4  Evid. 201(b)(2); ECF No. 3-6 at 2.  "In fact, district courts routinely take judicial notice

5  of DFEH complaints and right-to-sue letters when deciding motions to dismiss."  *Collins*

6  *v. Wal-Mart Stores, Inc.*, No. 23-CV-01368, 2024 WL 56993, at *4 (S.D. Cal. Jan. 4,

7  2024) (collecting cases); *see also Tandon v. GN Audio USA, Inc.*, No. 5:19-CV-00212,

8  2021 WL 242916, at *5 n.1 (N.D. Cal. Jan. 25, 2021), *aff'd*, No. 21-15312, 2022 WL

9  1210945 (9th Cir. Apr. 25, 2022).  The Court therefore GRANTS Defendant's request for

10  judicial notice, ECF No. 3-6, and takes notice of the March 2022 DFEH and EEOC

11  complaints and the corresponding right-to-sue notices.

12                                **PLEADING STANDARD**

13    Defendant moves to dismiss each count of the complaint pursuant to Federal Rule

14  of Civil Procedure Rule ("Rule") 12(b)(6) for failure to state a claim on which relief can

15  be granted.  ECF No. 3-1 at 9-10.  To survive a motion to dismiss under Rule 12(b)(6),

16  the complaint must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v.*

17  *Twombly*, 550 U.S. 544, 570 (2007).  The plaintiff must plead sufficient facts to "raise a

18  right to relief above the speculative level," *id.* at 555, and the Court must be able to "draw

19  the reasonable inference that the defendant is liable for the misconduct charged,"

20  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

21    On review of a Rule 12(b)(6) motion, the Court accepts all facts alleged in the

22  complaint as true and draws all reasonable inferences in favor of the plaintiff.  *Newcal*

23  *Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008).  Although the

24  general rule prohibits the Court from considering extrinsic evidence in reviewing a

25  motion to dismiss, it may consider matters that are properly subject to judicial notice.

26  *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must

27

28                                          4

consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009). Accordingly, the Court will consider the March 2022 DFEH and EEOC complaint and the corresponding right-to-sue notices of which it took judicial notice along with the allegations in the complaint.

## DISCUSSION

### I.   Counts One, Two, and Three: Discrimination on the Basis of Race and Sex in Violation of FEHA and Failure to Prevent Harassment and Discrimination in Violation of FEHA

"An employee who wishes to file suit under the FEHA must exhaust the administrative remedy provided by the statute by filing a complaint with the DFEH, and must obtain from the DFEH a notice of right to sue." *Pollock v. Tri-Modal Distribution Servs., Inc.*, 11 Cal. 5th 918, 931 (2021) (cleaned up).  California Government Code sections 12965(c)(1)(C) and (e)(1) "establish[] a strict 'one-year statute of limitations, commencing from the date of the right-to-sue notice'" issued by the DFEH, now the CCRD.  *Acuna v. San Diego Gas & Elec. Co.*, 217 Cal. App. 4th 1402, 1413 (2013) (quoting what is now Cal. Gov't Code § 12965(e)(1)).  Thus, "the deadline to file a civil action is one year from the date of the right-to-sue notice." *Collins v. Wal-Mart Stores, Inc.*, No. 23-CV-01368, 2024 WL 56993, at *5 (S.D. Cal. Jan. 4, 2024).

Plaintiff was constructively terminated in June 2021, ECF No. 1-2 at 6 ¶ 27, received her first right-to-sue notice from the DFEH on March 9, 2022 and from the EEOC on April 21, 2022, ECF No. 3-8, 3-9, received her second right-to-sue notice from CCRD on December 22, 2023, ECF No. 1-2 at 15, and filed her lawsuit on December 22, 2023, ECF No. 1-2 at 19.  Plaintiff's complaint was therefore filed more than one year after the first right-to-sue notice, but within one year of the second right-to-sue notice.

Defendant moves to dismiss Counts One, Two, and Three—alleging discrimination on the basis of race and sex and a derivative claim for failure to prevent such discrimination—for failing to comply with the one-year deadline.  ECF No. 3-1 at 10-15.  Defendant contends that Plaintiff did not file her complaint within one year of the applicable first right-to-sue notice.  *Id.*  Plaintiff argues that her complaint was timely because she received a second right-to-sue notice, that notice contemplated new allegations, and her complaint was filed within one year of that second right-to-sue notice.  ECF No. 9 at 6-8.

The case law clarifies that a plaintiff "cannot revive . . . expired claims by filing a new DFEH complaint[.]"  *Acuna*, 217 Cal. App. 4th at 1417.  "Subsequent charges that re-allege conduct encompassed by a prior charge have no legal effect."  *Leal v. Alcoa*, No. CV 04-2671, 2007 WL 1412501, at *3 (D. Ariz. May 11, 2007) (Murguia, J.).  "Otherwise, the time limitations . . . would be meaningless, because potential . . . plaintiffs could evade those requirements simply by seeking additional Notices of Right to Sue whenever they pleased."  *Soso Liang Lo v. Pan Am. World Airways*, Inc., 787 F.2d 827, 828 (2d Cir. 1986) (per curiam) (discussing a Title VII claim where the second EEOC right-to-sue notice was "based upon a charge involving exactly the same facts as the first [n]otice").  Nonetheless, courts will use a later right-to-sue notice as the starting point for the limitations period where the later right-to-sue notice alleges new conduct and that conduct is the basis of the claim.  *See Acuna*, 217 Cal. App. 4th at 1417-19 (barring a racial discrimination claim based on facts alleged in the expired DFEH charge and permitting a retaliation claim based on events that occurred after the expired right-to-sue notices were issued); *Collins*, 2024 WL 56993, at *7 (holding untimely claims based on acts alleged in an expired CCRD charge but holding timely claims based on conduct that occurred after the first right-to-sue notice was issued).

1    Plaintiff argues that her 2023 notice "contemplates new allegations and as such, is

2    the operative notice in determining the statute of limitations[.]"  ECF No. 9 at 6.  But

3    Plaintiffs' first three causes of action are clearly within the ambit of the conduct alleged

4    in her first Charge of Discrimination.  The 2022 Charge alleged discrimination on the

5    basis of race and sex because Plaintiff was twice denied promotions to Operational

6    Specialist and was told by the Store Director that she was not chosen because she was a

7    Black woman.  ECF No. 3-7 at 2.  The complaint alleges the same facts, though it also

8    mentions that Plaintiff reported the alleged discrimination to the District Manager and

9    another manager.  ECF No. 1-2 at 6 ¶¶ 24-27.  Counts One and Two—for discrimination

10   on the basis of race and sex—make exactly the same legal allegation as the 2022 Charge.

11   And Count Three for failure to prevent harassment and discrimination is derivative of the

12   first two counts.  Because the March 2022 Charge alleged the conduct that forms the

13   basis of these claims, the March 2022 right-to-sue notice is the applicable notice for the

14   statute of limitations.  And because the complaint was not filed within a year of the

15   March 2022 right-to-sue notice, the claims are untimely.  *See Leal*, 2007 WL 1412501, at

16   *3.  The Court therefore GRANTS the motion to dismiss Counts One, Two, and Three.

17   Plaintiff cannot possibly fix the untimeliness, so the Court dismisses these counts with

18   prejudice.

19   *Leave to Amend*

20   Plaintiff contends that she should be allowed to amend her complaint to add

21   causes of action for harassment and retaliation.  ECF No. 9 at 7.  She argues that

22   these claims would not be time-barred because the applicable right-to-sue notice

23   would be from the 2023 Charge of Discrimination, which explicitly alleged

24   harassment and retaliation, unlike the 2022 Charge, and alleged new facts,

25   including that Plaintiff reported alleged discrimination and that Defendant did not

26   respond.  ECF No. 9 at 7.  Plaintiff also contends that she should be permitted to

27

28

amend the complaint to allege discrimination on the basis of ancestry, color, and national origin, allegations made for the first time in the 2023 Charge of Discrimination.  ECF No. 9 at 8.

Although "the court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), it need not do so where the amendment would be futile, *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Here, it is futile to allow Plaintiff to amend the complaint to add new claims based on the conduct alleged in the 2022 Charge of Discrimination because such claims would be untimely for the reasons described above.  Thus, Plaintiff may not amend her complaint to add a claim of harassment based on the facts that (i) she was denied promotions in 2018 and 2019; (ii) was told that it was because she was a Black woman; or (iii) was constructively discharged in 2021.  Nor may she repackage her race discrimination claim as discrimination on the basis of color, ancestry, or national origin where the claim relies on those same underlying facts.  *See Chin v. Dep't of Indus. Rels.*, No. A118921, 2009 WL 3023750, at *5 (Cal. Ct. App. Sept. 23, 2009) (unpublished) ("The selection of the type of discrimination alleged . . . is in reality nothing more than the attachment of a legal conclusion to the facts alleged. . . . [T]he factual statement is the crucial element of the charge." (cleaned up)).

Plaintiff may amend the complaint only to add claims based on conduct *other than* the failure to promote her and the actions resulting in her constructive discharge—assuming that such claims are otherwise timely under FEHA and sufficiently exhausted.  She may therefore amend the complaint to add a claim for retaliation, as long as it is otherwise timely and exhausted, because the 2022 Charge does not allege retaliation in any form.

8

**II.   Count Four: Constructive Termination**

Count Four alleges "Constructive Termination in Violation of Public Policy."  ECF No. 1-2 at 9.  Defendant argues that this claim is untimely because a two-year statute of limitations period applies to common law constructive termination claims.  ECF No. 3-1 at 16.  The complaint was filed in December 2023, ECF No. 1-2 at 19, over two years after Plaintiff was constructively terminated in June 2021, ECF No. 1-2 at 6 ¶ 27.  Plaintiff seems to concede as much and instead asks to amend Count Four to allege constructive termination in violation of FEHA, instead of in violation of public policy.   ECF No. 9 at 9.  Because Plaintiff concedes the claim is time-barred, the Court GRANTS the motion to dismiss Count Four.  *See Mathieu v. Norrell Corp.*, 115 Cal. App. 4th 1174, 1189 n.14 (2004) (noting that as of 2003, the statute of limitations for wrongful termination in violation of public policy is two years under Cal. Civ. Proc. Code § 335.1).

*Leave to Amend*

The Court will not grant Plaintiff leave to amend to convert the claim from constructive termination in violation of public policy to constructive termination in violation of FEHA because such amendment would be futile.  *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999) ("Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment . . . is not futile.").  A claim for wrongful termination, or here, constructive termination, in violation of FEHA is a claim for wrongful termination in violation of public policy as demonstrated by FEHA.  *See, e.g.*, *Ukpan v. AT&T Mobility Servs., LLC*, No. 219-CV-08112, 2020 WL 11039193, at *4 (C.D. Cal. Apr. 6, 2020); *Ahumada v. Converse, Inc.*, No. EDCV-1901836, 2019 WL 13079601, at *3 (C.D. Cal. Oct. 28, 2019).  And California courts have held that the applicable statute of limitations for

9

such a claim is that of the common law tort of wrongful termination, not that of FEHA. *Prue v. Brady Co./San Diego*, 242 Cal. App. 4th 1367, 1879, 1382-83 (2015) (holding that the statute of limitations for a claim for wrongful termination in violation of FEHA's public policy against discrimination was the statute of limitations for the common law tort of wrongful termination). Thus, even with Plaintiff's proposed change, the statute of limitations is two years and the claim would be time-barred. The Court therefore GRANTS the motion to dismiss Count Four with prejudice.

## SANCTIONS

In their Reply, Defendant states that Plaintiff's conduct warrants sanctions because Plaintiff filed a second charge of discrimination in bad faith to side-step the statute of limitations and refused to dismiss the complaint when the issue was raised. ECF No. 10 at 2-3. However, as the Court grants limited leave to amend, the Court will not grant sanctions for "unreasonably and vexatiously" multiplying the proceedings at this time. 28 U.S.C. § 1927.

## CONCLUSION

The Court GRANTS the request for judicial notice and GRANTS the motion to dismiss with limited leave to amend. The Court dismisses all current claims with prejudice. Plaintiff may amend her complaint only if she alleges timely and exhausted claims not based on conduct alleged in her March 2022 DFEH Charge of Discrimination. ECF No. 3-7 at 2.

**IT IS SO ORDERED.**

Dated: May 28, 2024

Hon. Gonzalo P. Curiel
United States District Judge