UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA HAMILTON, an individual,<br><br>                      Plaintiff,<br><br>v.<br><br>ALBERTSON'S COMPANIES, INC. and DOES 1 through 50, inclusive,<br><br>                      Defendants. | Case No.: 24-cv-00462-GPC-BJC<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**[ECF No. 21]** |

    Before the Court is Defendant Albertson's LLC's[1] ("Defendant") motion to dismiss Plaintiff Linda Hamilton's ("Plaintiff") First Amended Complaint ("FAC"). ECF No. 21. The Court finds the matter is appropriate for decision on the papers. For the reasons below, the Court GRANTS the motion to dismiss with leave to amend as to Count Two only.[2]

---

[1] Defendant Albertson's LLC was erroneously sued as Albertson's Companies, Inc.

[2] On August 19, 2024, Defendant also moved to amend its notice of motion and motion to dismiss to add a hearing date to the document. ECF No. 22. The Court GRANTS this motion.

1

# BACKGROUND

Plaintiff, a Black woman, started working at Albertson's in 1991, spending most of her nearly three decades at the company as a Food Service Manager. ECF No. 14 ("FAC") ¶¶ 16-17. In October 2018 and then again in July 2019, Plaintiff applied for a promotion to the Operation Specialist position. *Id.* ¶¶ 19-20. Both times Plaintiff did not receive the promotion. *Id.* Instead, Defendant hired a white man in 2018 and a man of unspecified race in 2019. *Id.* The Store Director later "told Plaintiff that she was denied the promotion because she was 'black' and 'a woman[,]'" and that the woman who made hiring decisions did not like her because she was a Black woman. *Id.* ¶¶ 21-22.

In June 2021, Plaintiff expressed her desire for a promotion to the District Manager, Shane. *Id.* ¶ 24. "[I]n retaliation," he told her that she would not be considered for the next level of management. *Id.* Thereafter, on or about June 13, 2021, Plaintiff reported in an email to the Manager Ricardo Williams that she was denied a promotion because she was Black and a woman and had been told that she would never advance because she was Black and a woman. *Id.* ¶ 25. Williams allegedly never responded. *Id.* ¶ 27. Finally, on June 18, 2021, Crystal Maven conducted an exit interview with Plaintiff where Plaintiff raised the denied promotions on account of race and sex and Shane's comments about Plaintiff never being promoted in retaliation. *Id.* ¶ 28. To Plaintiff's knowledge, Defendant did not conduct an investigation into her treatment. *Id.* ¶¶ 27-29. Plaintiff states that, "fearful of additional retaliation," she was constructively terminated in June 2021. *Id.* ¶ 27.

# PROCEDURAL HISTORY

Plaintiff filed an administrative Charge of Discrimination with the California Department of Fair Employment and Housing ("DFEH"), now called the California Civil Rights Department ("CCRD"), and the U.S. Equal Employment Opportunity Commission ("EEOC") on March 9, 2022 alleging that she was not promoted because of her race and

sex. ECF No. 3-7. The DFEH issued a right-to-sue notice around March 9, 2022,[3] which included the requirement that "a civil action must be brought within one year from the date of this notice." ECF No. 3-8. The EEOC issued a Determination and Notice of Rights on April 21, 2022, stating that "your lawsuit must be filed WITHIN 90 days of your receipt of this notice." ECF No. 3-9. Plaintiff did not file suit within 90 days or within a year of either date.

On December 22, 2023, Plaintiff, through counsel, filed a Complaint of Employment Discrimination with the CCRD alleging harassment and discrimination because of "ancestry, national origin . . . , color, sex/gender, [and] race," and retaliation. ECF No. 1-2 at 16-17[4]. The CCRD issued a right-to-sue notice the same day on December 22, 2023, stating that "[t]he civil action must be filed within one year from the date of this letter." ECF No. 1-2 at 15. Plaintiff filed her complaint against Defendant in San Diego Superior Court on December 22, 2023, alleging causes of action under the California Fair Employment and Housing Act ("FEHA") and the common law. ECF No. 1-2 at 19. Defendant removed the action to federal court on March 8, 2024. ECF No. 1.

On March 15, 2024, Defendant filed a motion to dismiss along with a request for judicial notice. ECF No. 3. On May 28, 2024, the Court granted Defendant's motion to dismiss and request for judicial notice. ECF No. 12. The Court found that Plaintiff's FEHA discrimination claims were time barred because the conduct complained of was covered in the March 2022 Charge, and the complaint was filed more than one year after the corresponding right-to-sue notice was issued. *Id.* at 5-7. The Court also found that Plaintiff's constructive termination claim was time barred. *Id.* at 9. The Court granted

---

[3] The letter lists March 9, 2022 as the "Filing Date" and does not list another date. ECF No. 3-8. It is not clear to the Court if the notice date is March 9, 2022.

[4] Page numbers reflect CM/ECF pagination.

limited leave to amend "only to add claims based on conduct *other than* the failure to promote her and the actions resulting in her constructive discharge," but otherwise denied leave to amend. *Id.* at 8-9 (emphasis in original).

On July 15, 2024, Plaintiff filed the FAC. ECF No. 14. The FAC contains the same factual allegations, but this time attributes them to retaliation. FAC ¶¶ 16-30. Plaintiff now brings two claims: retaliation in violation of FEHA ("Count One") and retaliation in violation of Labor Code § 1102.5 ("Count Two"). On August 19, 2024, Plaintiff filed the instant motion to dismiss the FAC. ECF No. 21. Plaintiff responded, ECF No. 24, and Defendant replied, ECF No. 26.

## PLEADING STANDARD

Defendant moves to dismiss each count of the complaint pursuant to Federal Rule of Civil Procedure Rule ("Rule") 12(b)(6) for failure to state a claim upon which relief can be granted. ECF No. 3-1 at 9-10. To survive a motion to dismiss under Rule 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must plead sufficient facts to "raise a right to relief above the speculative level," *id.* at 555, and the Court must be able to "draw the reasonable inference that the defendant is liable for the misconduct charged," *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

On review of a Rule 12(b)(6) motion, the Court accepts all facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). Although the general rule prohibits the Court from considering extrinsic evidence in reviewing a motion to dismiss, it may consider matters that are properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated

1 | into the complaint by reference, and matters of which a court may take judicial notice.");
2 | *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009).
3 | Accordingly, the Court will consider the March 2022 DFEH and EEOC charge and the
4 | corresponding right-to-sue notices of which it previously took judicial notice, ECF No.
5 | 12 at 3-4, the December 22, 2023 CCRD charge and the corresponding right-to-sue
6 | notice which are incorporated into the original complaint by reference, *see* ECF No. 1-2
7 | at 12-18, and the allegations in the complaint.

## DISCUSSION

Defendant moves to dismiss the two claims on separate grounds. First, Defendant argues that Plaintiff's FEHA claim is untimely. ECF No. 21-1 at 9-12. Second, Defendant argues that the FAC fails to state a claim for retaliation, and thus both claims should be dismissed anyways. *Id.* at 12-17. The Court will consider these arguments in turn.

### I. Statute of Limitations

"An employee who wishes to file suit under the FEHA must exhaust the administrative remedy provided by the statute by filing a complaint with the DFEH, and must obtain from the DFEH a notice of right to sue." *Pollock v. Tri-Modal Distribution Servs., Inc.*, 11 Cal. 5th 918, 931 (2021) (cleaned up). California Government Code sections 12965(c)(1)(C) and (e)(1) "establish[] a strict 'one-year statute of limitations, commencing from the date of the right-to-sue notice'" issued by the DFEH, now the CCRD. *Acuna v. San Diego Gas & Elec. Co.*, 217 Cal. App. 4th 1402, 1413 (2013) (quoting what is now Cal. Gov't Code § 12965(e)(1)). Thus, "the deadline to file a civil action is one year from the date of the right-to-sue notice." *Collins v. Wal-Mart Stores, Inc.*, 2024 WL 56993, at *5 (S.D. Cal. Jan. 4, 2024).

Plaintiff was constructively terminated in June 2021, FAC ¶ 1, received her first right-to-sue notice from the DFEH on March 9, 2022 and from the EEOC on April 21,

1  2022, ECF Nos. 3-8, 3-9, received her second right-to-sue notice from CCRD on
2  December 22, 2023, ECF No. 3-4, and filed her lawsuit on December 22, 2023, ECF No.
3  1-2.  Plaintiff's complaint was therefore filed more than one year after the first right-to-
4  sue notice, but within one year of the second right-to-sue notice.
5      Defendant moves to dismiss Count One—alleging retaliation in violation of
6  FEHA—for failing to comply with the one-year deadline.  ECF No. 21-1 at 9-12.
7  Defendant asserts that Plaintiff did not file her complaint within one year of the first
8  right-to-sue notice, and thus the FEHA claim is time-barred.  *Id.*  Plaintiff responds that
9  her retaliation claim is timely because the second right-to-sue notice contemplated new
10 and distinct retaliation allegations, and her complaint was filed within one year of that
11 notice.  ECF No. 24 at 5-7.
12     Generally, a plaintiff "cannot revive . . . expired claims by filing a new DFEH
13 complaint[.]"  *Acuna*, 217 Cal. App. 4th at 1417.  "Subsequent charges that re-allege
14 conduct encompassed by a prior charge have no legal effect."  *Leal v. Alcoa*, 2007 WL
15 1412501, at *3 (D. Ariz. May 11, 2007) (Murguia, J.) (citing *Vitello v. Liturgy Training
16 Pub.*, 932 F. Supp. 1093, 1098 (N.D. Ill. 1996)).  "Otherwise, the time limitations . . .
17 would be meaningless, because potential . . . plaintiffs could evade those requirements
18 simply by seeking additional Notices of Right to Sue whenever they pleased."  *Soso
19 Liang Lo v. Pan Am. World Airways*, Inc., 787 F.2d 827, 828 (2d Cir. 1986) (per curiam)
20 (discussing a Title VII claim where the second EEOC right-to-sue notice was "based
21 upon a charge involving exactly the same facts as the first [n]otice"); *see also Badrh v.
22 Amazon.com, Inc.*, 2023 WL 5532098, at *7 (C.D. Cal. Aug. 28, 2023) ("[a] plaintiff
23 cannot restart the clock and skirt the one-year bar in Cal. Gov't Code § 12965(c)(1)(B) by
24 filing a duplicative administrative complaint with the DFEH and obtaining a second
25 right-to-sue letter") (citing *Acuna*, 217 Cal. App. 4th at 1408-10, 1413-15).
26 Notwithstanding this, courts will refer to a later right-to-sue notice in determining the
27
28

limitations period where the later notice alleges new conduct which forms the basis of the claim. *See Acuna*, 217 Cal. App. 4th at 1417-19 (barring a racial discrimination claim based on facts alleged in the expired DFEH charge and permitting a retaliation claim based on events that occurred after the expired right-to-sue notices were issued); *Collins*, 2024 WL 56993, at *7 (barring claims based on facts alleged in an expired CCRD charge but permitting claims based on "additional discrete acts of retaliation" that occurred after the first right-to-sue notice was issued).

      Here, Plaintiff argues that the second right-to-sue notice "contemplates new information, notably that Plaintiff complained to management about the discrimination," while the first right-to-sue notice "makes no mention of retaliation." ECF No. 24 at 7. Plaintiff's second charge alleges that she was discriminated against, complained to management about the discrimination, and received no response. ECF No. 1-2 at 17. Plaintiff alleged that "[d]ue to the lack of response and continuing environment and lack of opportunities, [she] was constructively terminated." *Id.* While Plaintiff argues that these complaints and allegedly retaliatory responses (or lack thereof) constitute new conduct that was not contemplated in the first charge and right-to-sue notice, the Court does not agree. The first charge describes Plaintiff expressing interest in a promotion to managers, her email to Manager Rick Williams, his lack of response, and the fact that "leadership . . . vowed not to give [her] a next level promotion." ECF No. 3-4 at 23. And the first charge's intake notes cover the relevant conversations with management and that she was told "that there were no positions available" for her to be promoted to. *Id.* at 27-28.

      The underlying acts in the charges are the exact same; Plaintiff merely added a retaliatory spin to them in the second charge and the FAC. The acts alleged in the second charge are not "separate and distinct events" from the acts alleged in the first charge. *Giovanni v. Megabus USA, LLC*, 2015 WL 6449133, at *3 (N.D. Ill. Oct. 23,

2015) (quoting *Vitello*, 932 F. Supp. at 1099) (finding claims time barred where the second charge was based on the same acts as the first charge, but the acts were characterized as and attributed to race and disability discrimination in the second charge, as opposed to sex discrimination in the first charge).  Rather, "Plaintiff has simply re-alleged the facts supporting her first . . . charge." *Ordway v. Lucero*, 2007 WL 951963, at *3 (D. Ariz. Mar. 27, 2007); *see also Yax v. Caesars Operating Co., Inc.*, 2014 WL 7240159, at *3 (D. Nev. Dec. 18, 2014) (finding claims time barred where second charge added a new discrimination claim but "stemm[ed] from precisely the same conduct originally charged"); *Taylor v. Nw. Mem'l Hosp.*, 521 F. Supp. 3d 714, 717 (N.D. Ill. 2021) (finding claims time barred where the second charge was a mere re-allegation of the first).

  What is more, the line of cases permitting claims based on later right-to-sue notices tend to turn on the fact that the later notice was based on conduct that occurred after prior right-to-sue notices.  For example, in *Acuna*, the court reasoned that "the critical point is that Acuna filed her lawsuit within one year of the third right-to-sue notice," as the third DFEH charged alleged "conduct that occurred *after* the first two DFEH complains were filed and after she received her first two right-to-sue notices." 217 Cal. App. 4th at 1419 (emphasis in original).  And in *Collins*, the court found that the FEHA claims pre-dating the first right-to-sue letter were time barred but held that the claims based on "additional discrete acts of retaliation" occurring *after* the first right-to-sue letter was issued were not time barred.  *Collins*, 2024 WL 56993, at *5-7.  Other district courts have similarly highlighted the fact that the permitted claims were based on conduct occurring after an initial right-to-sue notice.  *See, e.g., Leal*, 2006 WL 1412501, at *2-3 (permitting retaliation and disability discrimination claims based on conduct that "occurred after Plaintiff's first charge" and was later encompassed in a second EEOC charge); *Bill v. Berkely United Sch. Dist.*, 2004 WL 2075447, at *8 (N.D. Cal. Sept. 16, 2004)

(permitting wrongful termination claim based on second right-to-sue notice where the termination "could not have been alleged in the prior charge as it occurred after the prior charge's filing date").

Here, all the allegedly retaliatory conduct—particularly the June 2021 conversations with management, their lack of response, and Plaintiff's constructive termination—occurred in June 2021. *See* FAC ¶¶ 24-29. Plaintiff filed her initial charge with the DFEH and EEOC on March 9, 2022. ECF No. 3-4 at 16. Thus, the retaliatory conduct Plaintiff complains of had already occurred by the time she filed her first charge. This is not a case where the reasoning in *Acuna*, *Collins*, *Leal*, or other similar cases would help Plaintiff.

Because the complaint was filed more than one year after the issuance of the first right-to-sue notice, the Court finds that Plaintiff's FEHA retaliation claim is untimely. The Court thus GRANTS Defendant's motion to dismiss Count One.[5]

///

---

[5] The Court notes that it previously found that it would be "futile to allow Plaintiff to amend the complaint to add new claims based on conduct alleged in the 2022 Charge" and therefore granted Plaintiff limited leave to "amend the complaint only to add claims based on conduct *other than* the failure to promote her and the actions resulting in her constructive discharge." *Hamilton v. Albertson's Companies, Inc.*, 2024 WL 2732259, at *4 (S.D. Cal. May 28, 2024). Such limited leave comports with the case law described above. Despite these specific instructions, Plaintiff has amended the complaint to add new claims based on the same conduct alleged in the first charge, *i.e.*, "the actions resulting in her constructive discharge." *Id.* Because Plaintiff exceeded the scope of the limited leave granted, the Court notes that this may have provided additional grounds for dismissal. *See Kouretas v. Nationstar Mortg. Holdings, Inc.*, 2015 WL 1751750, at *2 (E.D. Cal. Apr. 16, 2015) ("[b]ecause the Court was specific about the purpose of the limited leave granted, Plaintiff's new claims are improperly before the Court and should be dismissed on those procedural grounds") (internal quotation marks and citations omitted).

## II. Failure to State a Claim for Retaliation

Plaintiff also brings a whistleblower retaliation claim pursuant to Labor Code § 1102.5. "[T]o establish a prime facie case of retaliation . . . a plaintiff must show (1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005); *see also Patten v. Grant Joint Union High Sch. Dist.*, 134 Cal. App. 4th 1378, 1384 (2005) (applying *Yanowitz*'s prima facie case to Labor Code § 1102.5(b)), *overruled in part on other grounds*.

Defendant does not argue that Plaintiff's retaliation claim under Labor Code § 1102.5(b) is untimely.[6] Thus, the Court will address the merits of this claim because it is independent of—and does not rise and fall with—the untimely FEHA retaliation claim. *See Melendrez v. All Kids Acad.*, 2023 WL 6237979, at *6 (S.D. Cal. Sept. 25, 2023) (noting that the legal analysis for whistleblower retaliation claims under Labor Code § 1102.5(b) is different from the legal analysis for FEHA retaliation claims); *Steffen v. Regus Grp., PLC*, 2009 WL 1139543, at *5 (S.D. Cal. Apr. 28, 2009) ("[b]oth the FEHA and § 1102.5 protect employees from being retaliated against . . .; the only difference is the underlying, substantive law that motivates the employees' opposition").

Defendant argues that the FAC fails to state a retaliation claim. ECF No. 21-1 at 12-17. Defendant argues at length that Plaintiff's purported adverse employment action, the constructive discharge, is not adequately pled. *Id.* at 12-16. Defendant also briefly

---

[6] There is a "split as to whether to apply a one-year or three-year statute of limitations to claims for retaliation in violation of Cal. Labor Code § 1102.5," *Dutrisac v. STMicroelectronics, Inc.*, 2024 WL 3646949, at *11 (N.D. Cal. Aug. 2, 2024). Plaintiff's claim would be time barred if the Court applied a one-year statute of limitations, but Defendant has not raised this issue and thus this question is not before the Court.

argues that Plaintiff was not engaged in a protected activity and, even if she was, that protected activity did not have a causal link to the constructive termination. *Id.* at 16-17. Plaintiff argues that she properly pled adverse employment actions, specifically constructive termination, failure to promote, and unresponsiveness to her complaints. ECF No. 24 at 9-11.

### A. Protected Activity

Under Labor Code § 1102.5, an employee engages in protected activity when she discloses information that she reasonably believes is "a violation of [a] state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation." Cal. Lab. Code § 1102.5(b). Here, Defendant argues that "[m]erely expressing a desire for a promotion . . . is not protected activity." ECF No. 21-1 at 17. However, the FAC alleges more; in particular, the FAC alleges that "[o]n or about June 13, 2021, Plaintiff reported to [a manager] that she had been denied a promotion because she was Black and a woman." FAC ¶ 25. Because this reported discrimination would violate state and federal laws, this allegation is clearly sufficient to plead that Plaintiff engaged in a protected activity.

### B. Adverse Employment Action

An adverse employment action is one that "materially affect[s] the terms, conditions, or privileges of employment." *Yanowitz*, 36 Cal. 4th at 1062. While minor or trivial actions are not actionable, a series of retaliatory acts taken together may constitute an adverse employment action. *Id.* at 1054, 1058. This inquiry is "inherently fact specific." *Id.* at 1052.

At the outset, the Court considers the adverse employment actions the FAC alleges outside of the constructive termination. *See* ECF No. 24 at 9. Plaintiff alleges that in June 2021 she expressed a desire for a promotion to the Operational Specialist position. FAC ¶ 24. This statement does not report discrimination against Plaintiff or a violation

of law and thus does not qualify as protected activity. Plaintiff alleges that, in retaliation, the manager told her "that she would not be considered for another level of management." *Id*. But because this statement was made before Plaintiff engaged in protected activity, it cannot plausibly be the basis for a retaliatory adverse employment action. *See Kourounian v. Cal. Dep't of Tax & Fee Admin.*, 91 Cal. App. 5th 1100, 1113 (2023) ("[a]s a matter of both logic and law, acts of retaliation must occur after the protected activity"). Plaintiff then asked if she could contact Williams, another manager. FAC ¶ 24. She then reported the discrimination to Williams; this complaint is the relevant protected activity here. *Id.* ¶ 25. Plaintiff asserts that after this protected activity, the Defendant did not conduct an investigation and she was not contacted regarding her claims of discrimination and retaliation. *Id.* at ¶ 29. In her opposition to the motion to dismiss, Plaintiff argues that she sought help on multiple occasions and was "denied any assistance." ECF No. 24 at 9. These vague allegations do not show how Plaintiff's terms, conditions, or privileges of employment were affected. And "[w]ithout more, merely failing to investigate workplace complaints does not rise to the level of an adverse employment action." *Nguyen v. McHugh*, 65 F. Supp. 3d 873, 894 (N.D. Cal. 2014); *Collins v. Potter*, 2010 WL 5376221, at *6 (S.D. Cal. Dec. 22, 2010) (finding that failure to investigate a complaint of vandalism is not an adverse employment action).

Plaintiff is therefore left with constructive termination as the only possible adverse employment action. Constructive discharge is a materially adverse employment action. *St. Myers v. Dignity Health*, 44 Cal. App. 5th 301, 315 (2019). To adequately plead constructive discharge, a plaintiff must allege "that the employer either intentionally created or knowingly permitted working conditions that were so intolerable or aggravated at the time of the employee's resignation that a reasonable employer would realize that a reasonable person in the employee's position would be compelled to resign." *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1245 (1994). To be intolerable, the working

conditions must be "unusually 'aggravated' or amount to a 'continuous' pattern" of objectionable conduct. *Id.* at 1247. "[A]n employee cannot simply 'quit and sue,' claiming he or she was constructively discharged." *Id.* at 1246. Rather, "the adverse working conditions must be so intolerable that any reasonable employee would resign rather than endure such conditions." *Id.* at 1247.

The FAC hardly alleges, and Plaintiff's opposition hardly argues, that Plaintiff's working conditions in fact meet this bar. Plaintiff simply argues that this is normally a question of fact and thus not appropriately decided at the motion to dismiss phase. ECF No. 24 at 10 (citing *Valdez v. City of Los Angeles*, 31 Cal. App. 3d 1043, 1056 (1991)). But "situations may exist where the employee's decision to resign is unreasonable as a matter of law." *Vasquez v. Franklin Mgmt. Real Est. Fund, Inc.*, 222 Cal. App. 4th 819, 827 (2013). As such, the Court will consider Defendant's arguments at this stage.

In support of her constructive discharge claim, Plaintiff alleges that she was "denied two promotions and was told that she was denied the promotions due to her race." FAC ¶ 1. Plaintiff further alleges that she was told "that she would not be considered for another level of management," FAC ¶ 24, and that Defendant did not respond to or investigate her complaints regarding the discrimination, FAC ¶¶ 25-29. "Plaintiff, fearful of additional retaliation, was then constructively terminated." FAC ¶ 27.

Plaintiff does not fill the gaps to show how these occurrences made her working conditions so intolerable that any reasonable employee would resign. These allegations alone are insufficient to show that the working conditions rose to the level of constructive discharge. Failure to promote, even if due to discrimination, is insufficient to establish constructive discharge. *See Cloud v. Casey*, 76 Cal. App. 4th 895, 904 (1999) (finding that, while Plaintiff alleged that she was not promoted due to gender discrimination, such evidence "does not establish that she was constructively discharged"); *Gibson v. Aro*

13

24-cv-00462-GPC-BJC

13

24-cv-00462-GPC-BJC

*Corp.*, 32 Cal. App. 4th 1628, 1637 (1995) ("an employer's decision to place an employee in a particular position, rather than another, is a normal part of the employment relationship" and "cannot form the basis for a constructive discharge finding as a matter of law"). And while Defendant did not respond to Plaintiff's complaints, Plaintiff does not allege that intolerable working conditions followed from the complaints.

The court's decision in *Simers v. Los Angeles Times Communications, LLC*, 18 Cal. App. 5th 1248 (2018), is illustrative here. In *Simers*, Plaintiff claimed that he was constructively discharged after having medical issues. *Id.* at 1270. The intolerable conditions Plaintiff alleged included a reduction in workload, criticism from management on his work and ethical conduct, an unreasonably long suspension, a demotion, and a written final warning. *Id.* at 1270-71. But the court "conclude[d], as a matter of law, that none of these circumstances, alone or in combination, amount to working conditions that are either unusually aggravated or a continuous pattern of mistreatment." *Id.* at 1271. Here, Plaintiff's allegations do not even rise to the level of working conditions in *Simers*. After reporting the discrimination to management, she was not criticized, demoted, suspended, given poor reviews, or anything remotely similar. Rather, she complains that she was discontent with the lack of a response and Defendant's failure to promote her. But "[i]t is the working conditions themselves—not the plaintiff's subjective reaction to them—that are the sine qua non of a constructive discharge." *Id.* at 1274. And Plaintiff fails to adequately allege unusually aggravated working conditions or a pattern of mistreatment here.

Accordingly, the Court finds that Plaintiff has failed to allege an adverse employment action.

### C. Causal Link

Because Plaintiff has failed to allege an adverse employment action, the Court also finds that Plaintiff has not adequately alleged causation. As a logical matter, Plaintiff

cannot allege a causal link between the protected activity and an adverse employment action that is not yet adequately alleged.

For the above reasons, the Court finds that Plaintiff has failed to state a claim for retaliation. The Court thus GRANTS Defendant's motion to dismiss Count Two.

## III.   LEAVE TO AMEND

Plaintiff requests leave to amend the complaint. ECF No. 24 at 11-12. Although "the court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), it need not do so where the amendment would be futile, *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Here, Plaintiff's FEHA claim cannot be saved by amendment, and thus amendment would be futile as to Count One. But Count Two can benefit from additional factual allegations—particularly facts showing that an adverse employment action occurred and that there is a causal nexus between the protected activity and the adverse employment action. Thus, Plaintiff may amend the complaint as to Count Two only.

## CONCLUSION

The Court GRANTS the motion to dismiss with leave to amend Count Two only. Count One is dismissed with prejudice. Plaintiff is directed to file a second amended complaint within 21 days of this Order.

**IT IS SO ORDERED.**

Dated:  November 21, 2024

Hon. Gonzalo P. Curiel
United States District Judge